## S. Sprawles et al. *vs.* S. Barnes.

When two persons or partners sue, and one dies pending the suit, and his death is suggested upon the record, without any formal judgment of abatement being entered, it is sufficient to authorize the surviving partner to carry on the suit in his own name.

*Aliter,* however, if the suggestion be false, in which case the judgment in favor of the alledged survivor would be set aside.

A motion made and sustained to quash a forthcoming bond, cannot be noticed in this court, unless the proceedings upon the motion are made a part of the record by a bill of exceptions.

This cause is brought by appeal from the circuit court of Holmes county.

Francis Durrett and Shadrach Barnes, traders in partnership under the style of Durrett & Barnes, sued Samuel Sprawles, John M. Brown, Obadiah Fatheree, and Hiram Davidson, in an action of assumpsit upon a promissory note, to the October term, 1837, of the circuit court for Holmes county. On the 23d day of October, 1838, the following entry was made in the record:

" This day came the parties by their attorneys, and suggest the death of Francis Durrett, one of the plaintiffs."

The case was submitted to the jury, who brought in a verdict against the defendants, and judgment was given accordingly. Execution was issued and a forthcoming bond given, which was forfeited on the first day of April, 1839.

At the April term of the court for that year, the following motion was made and entered :

" *Shadrach Barnes* v. *Samuel Sprawles,* et al.

" Bond forfeited on the first day of April term, 1839.

" Motion to quash the following bond in this case, because one of the defendants in the execution has not joined in the bond.

" Ordered by the court, that said motion be sustained, and that an *alias fi fa* be awarded on the original judgment."

These are the only parts of the record it is deemed necessary to notice, as they are the only ones which are noticed in the opinion of the court.

*William Thompson,* for appellant.

1. The court erred in giving judgment in favor of one of the plaintiffs in the court below, without entering a judgment abating the suit as to the other.

2. The court erred in quashing the forthcoming bond at the instance of Barnes, because all the defendants had not signed it.

3. The court erred in refusing to quash the execution which issued on the original judgment. These errors it is believed are sufficient to reverse the judgment, &c. in court below.

*Brooke,* for appellee.

The error supposed to be complained of in this case, is the quashing of the forthcoming bond because all the obligees were not joined therein. But there is no bill of exceptions connecting the bond, &c., with the record, and according to the repeated decisions of this court, no notice can be taken of it. 6 How. 580. 5 Ib. 278. 2 Ib. 845.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a suit brought by Barnes, the appellee, and one Francis Durrett, as partners, against the defendants, the appellants. In the progress of the cause, the death of Durrett was suggested upon the record, and the suit afterwards proceeded in the name of Barnes alone, without any formal judgment of the court, that it should abate as to Durrett. There was no denial of the truth of the suggestion, but it is now sought by the appellants to reverse the judgment, because there was no formal abatement of the suit as to Durrett, coupled with an order that it might be conducted in the name of the surviving partner.

The statute on this subject, to which no reference however

was made in the argument, provides that "in suits or actions, real, personal and mixed, if there be two or more plaintiffs or defendants, and one or more of them should die, if the cause of action should survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the suit or action shall proceed in the name of the surviving plaintiff or plaintiffs, against the surviving defendant or defendants." H. & H. 585. This statute is copied from one in Virginia, and is the same in substance with the eighth and ninth Wil. III., and with a statute in New York. Under these various statutes, the mere suggestion of the death upon the records, seems sufficient to authorize the prosecution of the suit by the survivor. 1 Rob. Pr. 188, 246. 1 Tidd, 933. Graham's Pr. 814.

The case of *Officer* v. *Young*, 7 Yer. cited on the argument, was decided upon a statute very different in its provisions from ours. See 6 Yerg. 325, *Britton* v. *Thompson*.

If the death of one of the parties be falsely suggested, it may be denied; even a judgment in favor of the alledged survivor, might be set aside, if procured by the fraudulent suggestion of the death of a co-plaintiff. In the absence of the most remote cause of suspicion that any fraud has been employed in this cause, we do not feel authorized to reverse a judgment, in obtaining which, all the substantial requisitions of the statute seem to have been complied with.

The objection made to the order quashing the forthcoming bond, cannot avail the plaintiffs in error. They have not made the proceedings upon that occasion, a part of the record by bill of exceptions, which, according to the settled doctrine of this court, it was necessary to do, before the regularity of the judgment could be called in question.

We are unable to perceive any error in the judgment, and therefore direct it to be affirmed.

Judge THOMPSON filed the following petition for a rehearing:

To the judges of the high court of errors and appeals, at Jackson, Mississippi.

Your petitioners, Samuel Sprawles et al., in the case recently

Sprawles et al. *v.* Barnes.

decided by your honors, in which they were plaintiffs in error, and Shadrach Barnes, defendant, pray your honors for a rehearing, and assign as error in the opinion which they believe on rehearing you would correct; the necessity stated by your honors, of a bill of exception, setting out the forthcoming bond, which was quashed. Your honors will see that the judgment quashing the bond is erroneous on its face, and therefore it was not necessary to set out the bond in the bill of exceptions. See 6 How. Rep. p. 600.

WM. THOMPSON, for plaintiff.

We think a rehearing in the above case should be granted.

W. YERGER.
J. S. YERGER.
PRYOR LEA.

The COURT refused to grant a reargument.